UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

FLOYD QUEBEDEAUX     CIVIL ACTION NO. 6:12-cv-00849

VERSUS        JUDGE DOHERTY

NELSON GRANTT GUILLORY   MAGISTRATE JUDGE HANNA
JOSEPH NELSON GUILLORY,
SHERIFF BOBBY GUIDROZ

## REPORT  AND  RECOMMENDATION

Currently pending before the Court are defendant Sheriff Bobby Guidroz's motion to dismiss this action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Rec. Doc. 18) and defendant Joseph Nelson Guillory's identical motion (Rec. Doc. 32). Guidroz's motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  (Rec. Doc. 25).  The motion is opposed.  Although Guillory's motion has not been referred to the undersigned, the motions are identical, which mandates consistent rulings.   For the reasons set forth below, it is recommended that both motions be denied to the extent that they seek dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, but granted under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Service has not been made on the third defendant, Nelson Grantt Guillory. (Rec. Doc. 13).  However, more than 120 days have elapsed since the complaint was filed on April 5, 2012.  (Rec. Doc. 1).  Accordingly, the undersigned recommends that the Court, on its own motion after notice to the plaintiff in accordance with Fed. R. Civ. P. 4(m), dismiss Quebedeaux's claims against Nelson Grantt Guillory without prejudice.

## FACTUAL BACKGROUND

According to his complaint (Rec. Doc. 1), Floyd Quebedeaux was doing business as Kajun Seafood on April 5, 2011, when a writ of sequestration was carried out by the St. Landry Parish Sheriff's Office.  Quebedeaux alleges that Sheriff Bobby Guidroz and some of his deputies were present when the writ was executed. Quebedeaux also alleges that, after executing the writ, the Sheriff and/or his deputies took possession of Quebedeaux's personal property and then immediately released it to defendants Joseph Nelson Guillory and Nelson Grantt Guillory, in violation of Quebedeaux's constitutional due process rights.  More specifically, he alleges that the deputies gave the keys to the seized property to Joseph Nelson Guillory and failed to perform a complete and accurate inventory of the seized property.  He further alleges that Guillory then disposed of Quebedeaux's property without a court order by selling

and releasing live crawfish and other property and by maintaining possession of the monetary proceeds.  He also alleges that Guillory removed some of Quebedeaux's personal property from place where the seizure occurred, that Guillory used Quebedeaux's property to promote his own business, and that Guillory continues to maintain that he has the right to dispose of or control Quebedeaux's personal belongings.  Quebedeaux alleges that defendant Nelson Grantt Guillory joined with the Sheriff's Office in the crime of extortion against Quebedeaux on April 20, 2011, and joined with Joseph Nelson Guillory and Sheriff Guidroz at an undisclosed time to defraud Quebedeaux of his money, evidence, and personal property.

Quebedeaux claims that the defendants' actions deprived him of his personal belongings, deprived him of his ability to work, and deprived him of a fair trial.  In this lawsuit, he seeks to recover for his losses.

Sheriff Guidroz responded to the lawsuit with the pending motion (Rec. Doc. 18), which seeks dismissal of Quebedeaux's claims either because Quebedeaux has not properly invoked federal question jurisdiction or, alternatively, because Quebedeaux has failed to state a claim on which relief can be granted by this Court. Nelson Joseph Guillory filed an identical motion and adopted Sheriff Guidroz's reasoning (Rec. Doc. 32).

# I.   THE STANDARD FOR ANALYZING A RULE 12(b)(1) MOTION TO DISMISS

A motion filed under Fed. R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction.[1]  "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[2]  In evaluating a Rule 12(b)(1) motion, the court may examine "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts,"[3] and must accept all factual allegations in the plaintiff's complaint as true.[4]  In response to a Rule 12(b)(1) motion, the party asserting jurisdiction has the burden of proving that jurisdiction is proper.[5]  Accordingly, in this case, which was filed by the

---

[1]      *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]      *Ramming v. United States*, 281 F.3d at 161, citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  See, also, *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009).

[3]      *Ramming v. United States*, 281 F.3d at 161, citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

[4]      *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

[5]      *Ramming v. United States*, 281 F.3d at 161.

-4-

plaintiff in this forum, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[6]

## II.   THE STANDARD FOR ANALYZING A RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6) attacks the complaint for failure to state a legally cognizable claim.[7]   When considering such a motion, a district court must ordinarily limit itself to the contents of the pleadings, including any attachments thereto.[8]   A court may, however, without converting the motion to one for summary judgment, properly look beyond the complaint to matters of public record.[9]   The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[10]   However, conclusory allegations, unwarranted factual inferences, and legal conclusions are not

---

[6]      *Ramming v. United States*, 281 F.3d at 161, citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

[7]      *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[8]      *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[9]      *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Norris v. Hearst*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994); *Louisiana ex rel. Guste v. United States*, 656 F.Supp. 1310, 1314 n. 6 (W.D. La. 1986), *aff'd*, 832 F.2d 935 (5th Cir. 1987).

[10]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

accepted as true,[11] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[12]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13]   The allegations must be sufficient "to raise a right to relief above the speculative level,"[14] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[15]   "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[16]   If the plaintiff fails to

---

[11]       *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[12]       *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[13]       *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[14]       *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[15]       *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[16]       *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[17]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]   "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[20]

## II.   THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION

When, as in this case, a Rule 12(b)(1) motion is filed along with other Rule 12 motions, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits" in order to prevent a court without jurisdiction

---

[17]    *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[18]    *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

[19]    *Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

[20]    *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

from prematurely dismissing a case with prejudice.[21]  Therefore, the defendants' Rule 12(b)(1) challenge to jurisdiction will be analyzed first.

"A case that does not present either federal question jurisdiction or diversity jurisdiction should be dismissed for lack of subject matter jurisdiction."[22]  Here, the plaintiff does not allege that the Court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, and it is clear from the face of the plaintiff's complaint that all of the parties to the lawsuit are Louisiana residents and therefore likely Louisiana citizens.  "As the [plaintiff] do[es] not allege that diversity of citizenship exists in this case, [he] must establish federal question jurisdiction."[23]  The defendants argue, however, that Quebedeaux's complaint fails to allege an identifiable constitutional violation and consequently fails to fall within this Court's federal question jurisdiction.  Faced with this argument, "the plaintiffs' burden is to allege a plausible set of facts establishing jurisdiction."[24]

---

[21]     *Ramming v. United States*, 281 F.3d at 161, citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

[22]     *Gilbert v. Perry*, 302 Fed. App'x 320, 320 (5th Cir. 2008).

[23]     *Gilbert v. Bartel*, 273 Fed. App'x 413, 413 (5th Cir. 2008).

[24]     *Physician Hospitals of America v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

A federal court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[25]  "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint."[26]

The undersigned notes that Quebedeaux brought this action and continues to prosecute this action without the assistance of legal counsel.  The pleadings filed by *pro se* litigants are construed liberally and held to a less stringent standard than those prepared by lawyers.[27]  In this case, the plaintiff's complaint is short but sets forth factual allegations sufficient to support a conclusion that this Court has federal question jurisdiction over this action.

Here, the plaintiff alleged state law claims for extortion and fraud, he did not expressly state that his claim arises under 42 U.S.C. § 1983, and he did not specify the federal law or constitutional provision that he contends was violated.  However, the plaintiff does expressly allege that the defendants "did violate plaintiffs [sic] United States Constitutional rights" (Rec. Doc. 1 at 1) and that the defendants' actions "violated [his] constitutional rights of due process" (Rec. Doc. 1 at 2).  As

---

[25]     28 U.S.C. § 1331.

[26]     *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

[27]     *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

-9-

defendant Guidroz expressly recognizes, "[p]erhaps the most applicable cause of action consistent with the type of constitutional deprivation Quebedeaux is attempting to allege is that found in 42 U.S.C. § 1983." (Rec. Doc. 18-1 at 16). Section 1983 is a procedural rule that provides a private cause of action for redressing a violation of federal law.[28] Therefore, a constitutional or statutory violation is a predicate to any theory of liability under §1983.[29] It is apparent from the face of the plaintiff's complaint that he is claiming that the defendants violated his due process rights guaranteed by the United States Constitution.

Generally, three elements must be established in a §1983 action: (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor.[30] In this case, Quebedeaux's complaint alleges (among other things) that the sheriff's deputies, who undoubtedly are state actors, improperly seized property that he owned while executing a writ of sequestration, improperly gave the seized property to others, and failed to properly inventory or account for the seized property. Quebedeaux expressly alleges that these actions violated due process rights afforded by the United States Constitution.

---

[28]     *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008); *Kirchberg v. Feenstra*, 708 F.2d 991, 1000 (5th Cir. 1983).

[29]     *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989).

[30]     *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

The undersigned finds that, when these factual allegations are taken as true as they must be, the plaintiff has presented a claim arising under the United States Constitution.  In such a situation, when a federal-law claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is proper only if the claim is frivolous or insubstantial or, in other words, if the claim has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision.[31]  "Therefore, the pleading burden to establish federal question jurisdiction is low:  only claims 'patently without merit . . . justify the district court's dismissal for want of jurisdiction.'"[32]

After examining only the plaintiff's complaint, the undersigned does not find the plaintiff's claim to be patently without merit, frivolous, insubstantial, lacking a plausible foundation, or foreclosed by a prior Supreme Court decisions.  Accordingly, the undersigned further finds that this Court has subject matter jurisdiction over this action.  Therefore, to the extent that the defendants' motions seek dismissal of the plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1), the undersigned recommends that the motions be denied.

---

[31]     *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010); *Bell v. Health-Mor*, 549 F.2d 342, 344 (5th Cir. 1977).

[32]     *Young v. Hosemann*, 598 F.3d at 188, quoting *Suthoff v. Yazoo County Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981).

-11-

## III.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Having found that the court has jurisdiction over the plaintiff's claim, and having found that the plaintiff's complaint can be interpreted as stating a claim under 42 U.S.C. § 1983 for redress of a constitutional violation of the plaintiff's due process rights, the undersigned must now determine whether the plaintiff has stated a claim for which relief can be granted by this Court.

As noted above, because Section 1983 is a procedural rule creating a private cause of action for the violation of federal law rather than creating substantive rights,[33] an underlying constitutional or statutory violation is a necessary predicate to liability under this statute.[34]  Three elements must be established in a Section 1983 action:  (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor.[35]  To state a plausible Section 1983 claim, the plaintiff must allege facts satisfying those three elements.

In response to the pending motions, the plaintiff attempted to clarify his claim by stating that the defendants' actions deprived him of rights protected by the Fourth, Fifth, and Fourteenth Amendments.  (Rec. Doc. 34 at 8, 13).  In his complaint,

---

[33]      *Southwestern Bell v. Houston*, 529 F.3d at 260.

[34]      *Johnston v. Harris County*, 869 F.2d at 1573.

[35]      *Victoria W. v. Larpenter*, 369 F.3d at 482.

however, the plaintiff alleged only violations of his due process rights. The plaintiff is proceeding without the benefit of legal counsel and, for that reason, his submissions to the court should be interpreted liberally. However, it is well-settled that regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.[36] Furthermore, as was also noted previously, a court analyzing a Rule 12(b)(6) motion to dismiss such as this one is ordinarily limited to reviewing the complaint itself and any documents attached thereto. Therefore, the undersigned will not permit the allegations of the complaint to be expanded by statements set forth in the plaintiff's opposition brief, and will evaluate only whether the plaintiff pleaded enough facts in his complaint to state a plausible claim under the due process provisions of the Fifth or Fourteenth Amendments.

A.  **THE PLAINTIFF HAS NOT STATED A PLAUSIBLE FIFTH AMENDMENT DUE PROCESS CLAIM**

Due process rights are expressly created by the Fifth and Fourteenth Amendments to the United States Constitution. "The Due Process Clause of the Fifth

---

[36]     *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"[37]   The Fifth Amendment proscribes deprivation of life, liberty, or property without due process of law by federal actors,[38] while the Fourteenth Amendment proscribes such action by state actors.[39]   Quebedeaux has not alleged that any of the defendants were acting under authority of the federal government.   The undersigned therefore finds that the plaintiff has failed to allege the facts necessary to support a Fifth Amendment due process claim against any defendant that is cognizable by this Court.   Accordingly, the undersigned recommends that, to the extent Quebedeaux has asserted a Fifth Amendment due process claim, the defendants' motions to dismiss for failure to state a claim should be granted.

## B.   THE PLAINTIFF HAS NOT STATED A FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST THE GUILLORYS

To establish entitlement to due process under the Fourteenth Amendment, a plaintiff must show that (1) a state actor (2) deprived (3) a person (4) of a

---

[37]   *Dusenbery v. United States*, 534 U.S. 161, 167 (2002).

[38]   *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[39]   *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002); *Jones v. City of Jackson*, 203 F.3d at 880.

constitutionally protected liberty or property interest.[40]  The plaintiff alleges that the defendants deprived him of property that he owned.  Thus, three of the four elements are satisfied.  With regard to defendant Guidroz, who is alleged to be the St. Landry Parish Sheriff and therefore a state actor, the fourth element is also satisfied.

The same cannot be said, however, with regard to the claims against the two individual defendants, Joseph Nelson Guillory and Nelson Grantt Guillory.  There is no allegation that either of the Guillorys is employed by or affiliated in any way with the State of Louisiana, St. Landry Parish, or any governmental entity.  It is alleged, however, that Joseph Nelson Guillory is the father of Nelson Grantt Guillory and that Guidroz is the uncle of Nelson Grantt Guillory.  It is also alleged that Nelson Grantt Guillory "joined with" the St. Landry Parish Sheriff's office in extortion against the plaintiff and that both Guillorys "joined with" Guidroz to defraud the plaintiff.

The due process clause of the Fourteenth Amendment does not entitle an individual to governmental protection from injuries caused by non-state actors,[41] and the phrase "under color of state law" excludes from its reach purely private conduct, no  matter  how  discriminatory  or  wrongful.[42]    Therefore,  to  the  extent  that

---

[40]      *Texas Faculty Ass'n v. Univ. of Tex. at Dallas*, 946 F.2d 379, 383 (5th Cir. 1991).

[41]      *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997).

[42]      *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

Quebedeaux is seeking to recover against the Guillorys for conduct taken by the Guillorys as private citizens and not "under color of state law," Quebedeaux has failed to state a plausible claim.  Quebedeaux has not alleged that either of the Guillorys was acting under color of state law or under any statute, ordinance, regulation, custom, or usage of any state when they accepted from the sheriff property that had been seized from Quebedeaux and then disposed of it or failed to return it to Quebedeaux.  Accordingly, the plaintiff has failed to state a claim upon which relief may be granted against either Guillory defendant individually.

There are certain circumstances, however, in which private action may be deemed state action for purposes of Section 1983, but only when the challenged conduct "may be fairly attributable to the State."[43]  Tests for determining whether a private party is acting under color of state law include the public function test, the state compulsion test, and the joint action or nexus test.[44]  Under the public function test, a private entity may be considered a state actor if it performs a function that is traditionally "the exclusive province of the state."[45]  Under the state compulsion test, state action may be found when a state has exercised coercive power or provided such

---

[43]     *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

[44]     *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

[45]     *Bass v. Parkwood Hosp.*, 180 F.3d at 241-42.

encouragement that a private decision is deemed to be that of the state.[46]  In this case, no facts have been alleged that would support a finding that the Guillorys were acting on behalf of the state under the public function test or the state compulsion test.

Finally, under the nexus or joint action test, state action by an individual person or entity may be found when the government has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise."[47]  In this case, Quebedeaux has alleged that all three defendants acted jointly but only with regard to extortion and fraud.  There is no allegation that the three defendants formed a joint enterprise designed to deprive Quebedeaux of his due process rights.  Furthermore, there are no allegations substantiating any type of interdependence among the three defendants, aside from the allegation that the three are members of the same family.  Additionally, it appears that the current dispute arose after Nelson Grantt Guillory's company sued Quebedeaux to enforce a lease contract.  "A private citizen does not become a state actor merely by filing a private civil action, even where authorized by state statutes."[48]  The undersigned therefore finds that the plaintiff's factual allegations are insufficient to establish that the

---

[46]     *Bass v. Parkwood Hosp.*, 180 F.3d at 242.

[47]     *Bass v. Parkwood Hosp.*, 180 F.3d at 242.

[48]     *Bass v. Parkwood Hosp.*, 180 F.3d at 242.

-17-

Guillorys were state actors because a joint enterprise had been formed with Sheriff Guidroz.

The Fifth Circuit has also recognized that a claim may be brought under Section 1983 for civil conspiracy.[49]  To support such a claim, the plaintiff must show: (1) an actual violation of a right protected under section 1983; and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right.[50]  To the extent that the plaintiff may have attempted to allege a conspiracy among the Guillorys and Sheriff Guidroz, this claim also fails.

The plaintiff has not expressly alleged that there was a conspiracy among Sheriff Guidroz and the Guillorys, only that Nelson Grantt Guillory "joined" with the Sheriff's Department in the crime of extortion and that both Guillorys "joined" with Sheriff Guidroz to defraud Quebedeaux.  Even if he had used the word "conspiracy," however, the allegation of a conspiracy between private and state actors requires more than conclusory statements.[51]  "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based.  Bald

---

[49]    *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

[50]    *Kerr v. Lyford*, 171 F.3d at 340; *Cinel v. Connick*, 15 F.3d at 1343.

[51]    *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986), citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (holding that "mere conclusory allegations of conspiracy cannot, absent reference to material facts" state a claim of conspiracy).

allegations that a conspiracy existed are insufficient."[52]  The plaintiff implied that there was collusive wrongdoing because of an alleged familial relationship among Guidroz and the Guillorys, but no facts were alleged to back up that implication.  In short, "there is no factual basis to support any claim of a conspiracy between these private citizens and any alleged state actor to support a claim of state action."[53]  To establish a conspiracy, a plaintiff must allege both an agreement between the private and public defendants to commit an illegal act and a deprivation of constitutional rights.[54]  Here, the plaintiff has not presented any facts alleging that there was an agreement of any kind between Sheriff Guidroz and the Guillorys concerning the seizure or disposal of the property allegedly seized from Quebedeaux nor has he alleged any actions taken in concert by the defendants with the intent to deprive the plaintiff of his due process rights.  In this specific context, "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice."[55]  Here, there are no allegations of any specific action taken by the Guillorys or Sheriff Guidroz to reach an agreement or to take steps in furtherance of the alleged joint action.

---

[52]     *Lynch v. Cannatella*, 810 F.2d 1363, 1369 (5th Cir. 1987).

[53]     *Allen v. Haywood Investigations*, No. 11-0183, 2011 WL 1792378, at *2 (W.D. La. Apr. 20, 2011).

[54]     *Cinel v. Connick*, 15 F.3d at 1342.

[55]     *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).

Therefore, the allegations that the Guillorys "joined with" Sheriff Guidroz for criminal purposes fall far short of providing the factual basis necessary to show that a conspiracy existed.

Furthermore, the allegations set forth in the complaint are that the defendants conspired, if at all, for the purpose of extortion and fraud and that any due process deprivation was a by-product of that collusion and not its primary objective. A private person may be liable under § 1983 if there is some proof of an overt joint action taken with the state or a state agent in order to violate another's constitutional rights. While Quebedeaux alleges that the Guillorys joined with Sheriff Guidroz to extort and defraud Quebedeaux, there is no allegation that this collusion was for the purpose of depriving Quebedeaux of due process. Therefore, the undersigned finds that the plaintiff's allegations fall far short of satisfying this necessary element of a § 1983 claim.

In summary, Quebedeaux provides no factual basis from which the undersigned can glean an allegation of conspiracy sufficient to render Joseph Nelson Guillory or Nelson Grantt Guillory a state actor. Accordingly, the undersigned finds that Quebedeaux has not shown that either of the Guillorys is a state actor for purposes of § 1983; consequently, Quebedeaux has not stated a plausible § 1983 claim against either of the Guillorys.

The undersigned further notes, however, that service has not been made on defendant, Nelson Grantt Guillory (Rec. Doc. 13) even though more than 120 days have elapsed since the complaint was filed on April 5, 2012 (Rec. Doc. 1), and the motion to dismiss (Rec. Doc. 32) was filed only on behalf of Joseph Nelson Guillory and not on behalf of Nelson Grantt Guillory.  Accordingly, the undersigned recommends that the Court, on its own motion after notice to the plaintiff in accordance with Fed. R. Civ. P. 4(m), dismiss Quebedeaux's claims against Nelson Grantt Guillory without prejudice.  The undersigned also recommends that defendant Joseph Nelson Guillory's Rule 12(b)(6) motion (Rec. Doc. 32) be granted and that Quebedeaux's claims against Joseph Nelson Guillory be dismissed with prejudice.

## C.   THE PLAINTIFF HAS NOT STATED A FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM AGAINST SHERIFF GUIDROZ

Quebedeaux claims that Sheriff Guidroz deprived him of due process rights guaranteed by the Fourteenth Amendment.  There are two aspects to constitutional due process rights:  substantive due process and procedural due process.

The substantive due process guarantee is designed to prevent government officials from abusing their power, or employing it as an instrument of oppression.[56]

---

[56]   *Conroe Creosoting Co. v. Montgomery County, Tex.*, 249 F.3d 337, 340-41 (5th Cir. 2001).

A governmental officer violates substantive due process when his actions constitute an abuse of power that is both arbitrary and conscience-shocking[57] or outrageous.[58] Only the most egregious official conduct can be said to be arbitrary in the constitutional sense.[59]  Furthermore, to state a viable substantive due process claim, "the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence."[60]  In this case, there is no factual allegation that, when taken as true, depicts Sheriff Guidroz's actions as sufficiently arbitrary, outrageous, or conscience-shocking to support a finding that he violated Quebedeaux's substantive due process rights.  In fact, there is no allegation that Sheriff Guidroz intended to deprive Quebedeaux of his due process rights.  Instead, Quebedeaux's allegations suggest that Sheriff Guidroz negligently failed to inventory the seized property and that someone in the Sheriff's office gave the keys to the seized property to Joseph Nelson Guillory based on incorrect information given to the Sheriff's office by Mr. Guillory.  Neither of these allegations rises to the level of arbitrary and outrageous intentional conduct that would support a finding that the sheriff violated

---

[57]     *Marco Outdoor Advertising, Inc. v. Regional Transit Authority*, 489 F.3d 669, 673 n. 3 (5th Cir. 2007); *McClendon v. City of Columbia*, 305 F.3d 314, 325-26 (2002).

[58]     *Conroe Creosoting v. Montgomery County*, 249 F.3d at 341.

[59]     *McClendon v. City of Columbia*, 305 F.3d at 325; *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

[60]     *McClendon v. City of Columbia*, 305 F.3d at 325.

Quebedeaux's substantive due process rights.  Accordingly, the undersigned finds that the plaintiff has not stated a substantive due process claim that can be remedied by this Court and recommends that, with regard to any substantive due process claim against Sheriff Guidroz under the Fourteenth Amendment, Sheriff Guidroz's Rule 12(b)(6) motion (Rec. Doc. 18) should be granted.

### D.   THE PLAINTIFF HAS NOT STATED A FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS CLAIM AGAINST SHERIFF GUIDROZ

To establish a violation of the Fourteenth Amendment's guarantee of procedural due process, a plaintiff must prove that (1) he was deprived of a life, liberty, or property interest (2) without the process that was due.[61]  "[D]ue process is flexible and calls for such procedural protections as the particular situation demands."[62]  In any case, however, whenever a state actor deprives a person of a protected interest, some sort of procedural protection must be provided.[63]  The fundamental requirement of due process is the opportunity to be heard at a

---

[61]     *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 & n. 3, 542 (1985); *Welch v. Thompson*, 20 F.3d 636, 639 (5th Cir. 1994); *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994).

[62]     *Texas Faculty Ass'n v. University of Texas at Dallas*, 946 F.2d 379, 384 (5th Cir. 1991), quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

[63]     *Texas Faculty Ass'n v. Univ. of Texas*, 946 F.2d at 383.

meaningful time and in a meaningful manner.[64]  Under the Parratt/ Hudson doctrine,

however, "an unauthorized intentional deprivation of property by a state employee

does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

loss is available."[65]

This lawsuit arises out of the execution of a writ of sequestration.  The plaintiff

has alleged that his personal property was improperly seized when the writ of

sequestration was executed and that, after the writ was executed, Sheriff Guidroz

and/or his deputies improperly gave the plaintiff's property to the Guillorys.  But the

plaintiff was not without recourse.  The United States Supreme Court has determined

that Louisiana's sequestration procedure provides sufficient safeguards to comport

with constitutional due process,[66] and, in this case, it is an undisputed fact that

Quebedeaux was afforded significant postdeprivation protections by the 27th Judicial

District Court, St. Landry Parish, Louisiana.

---

[64]      See, e.g., *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Crowe v. Smith,* 151 F.3d
217, 230-31 (5th Cir. 1998).

[65]      *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); see also *Parratt v. Taylor*, 451 U.S.
527, 538-39 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

[66]      *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 609 (1974).

The defendants submitted documents in support of their motion that are a part of the public record of an underlying lawsuit related to the same writ of sequestration complained about by the plaintiff in this lawsuit.  As such, these documents may be considered by this Court in evaluating whether Quebedeaux has stated a claim that can be remedied by this Court.[67]  The undersigned takes judicial notice of these public records, which demonstrate that, in the lawsuit styled *Grantt Guillory Enterprises, Inc. d/b/a Kajun Seafood v. Floyd Quebedeaux*, Docket No. 11-C-1604-D, 27th Judicial District Court, St. Landry Parish, Louisiana, Guillory Enterprises filed suit against Quebedeaux, seeking to recover past due rent owed on a commercial lease, and obtained the writ of sequestration complained of in this lawsuit.  In the state-court action, Quebedeaux complained that the sequestration of the seized property was improper and that his constitutional rights were violated.  Quebedeaux was afforded a full trial on the merits, which took placed on February 24, 2012, after which judgment was granted in favor of Grantt Guillory Enterprises, Inc. and against Quebedeaux.[68]  The defendants aver that the judgment was appealed and remains unresolved by Louisiana's Third Circuit Court of Appeal.[69]

---

[67]     *Funk v. Stryker Corp.*, 631 F.3d at 783; *Norris v. Hearst*, 500 F.3d at 461 n. 9; *Cinel v. Connick*, 15 F.3d at 1343 n. 6; *Louisiana v. United States*, 656 F.Supp. at 1314 n. 6.

[68]     Rec. Doc. 20 at 49-53.

[69]     Rec. Doc. 18-1 at 12.

Quebedeaux then filed another state-court lawsuit, styled *Floyd Quebedeaux v. Nelson Grantt Guillory, et al.*, Docket No. 12-C-1730-D, 27th Judicial District Court, St. Landry Parish, Louisiana, which contains allegations virtually identical to those set forth in the complaint filed in this lawsuit.[70] The current status of the second state-court lawsuit is unknown to the undersigned.

What is known, however, is that, after the writ of sequestration was executed, Quebedeaux was afforded a meaningful opportunity at a meaningful time to be heard with regard to his grievances.  His opposition to the writ of sequestration and to the events that transpired after the writ was executed was tried on the merits in the first state-court lawsuit, and he has asserted due process claims in the second state-court lawsuit, both of which remain pending in Louisiana's state court system.  It is clear from a review of the state-court records submitted by the defendants that Quebedeaux was afforded a constitutionally adequate post-deprivation remedy.  Furthermore, "a lengthy line of decisions in our court, ... holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."[71]  Quebedeaux has sought relief in Louisiana

---

[70]     Rec. Doc. 20 at 65-67.

[71]     *Brinkmann v. Johnston*, 793 F.2d at 113, quoting *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986).

state court, and that is the proper venue for his attempt to correct what he perceives as an inequitable ruling in the underlying sequestration proceeding.

Accordingly, the undersigned finds that Quebedeaux has not stated a plausible procedural due process claim against Sheriff Guidroz.  The undersigned therefore recommends that, with regard to any procedural due process claim asserted against Sheriff Guidroz under the Fourteenth Amendment, Sheriff Guidroz's Rule 12(b)(6) motion (Rec. Doc. 18) should be granted.

### E.   SHERIFF GUIDROZ'S IMMUNITY

Sheriff Guidroz argues that he is immune from prosecution for his role in executing the writ of sequestration that led to this lawsuit under theories of quasi-judicial immunity and qualified immunity.  Qualified immunity is an affirmative defense.[72]  Certain defenses may be raised by motion, but immunity is not one of them.[73]  The only responsive pleading filed by the defendants in this litigation thus far are the pending motions.  Therefore, there is a question regarding whether Sheriff Guidroz's immunity defense has been properly presented.  Nevertheless, the undersigned has already determined that the plaintiff has failed to state a plausible

---

[72]   *Brumfield v. Hollins*, 551 F.3d 322, 326 (5ᵗʰ Cir. 2008).

[73]   Fed. R. Civ. P. 12(b).

due process claim against Sheriff Guidroz.    Accordingly, analysis of Sheriff Guidroz's immunity defense is not necessary to the resolution of the pending motion, and further discussion of that issue is pretermitted.

## CONCLUSION

The undersigned finds that the allegations set forth in the plaintiff's complaint are sufficient to state a claim arising under the federal constitution.  Accordingly, the undersigned recommends that the defendants' motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction (Rec. Docs. 18 and 32) should be denied.

The undersigned finds that the only federal-law claims asserted by the plaintiff in this lawsuit are due process claims.  The undersigned further finds that the plaintiff has not stated a plausible claim for violation of his due process rights guaranteed by the Fifth Amendment to the United States Constitution because he has not alleged that any defendant in this lawsuit is a federal actor.  The undersigned further finds that the plaintiff has not stated a plausible claim against defendants Nelson Grant Guillory and Joseph Nelson Guillory for violation of his due process rights guaranteed by the Fourteenth Amendment to the United States Constitution because the facts alleged do not establish that the Guillorys were acting under color of state

law.  The undersigned further finds that service has not been made on defendant Nelson Grantt Guillory, and he has not responded to the plaintiff's complaint.  The undersigned finally finds that the plaintiff has not stated a plausible Fourteenth Amendment due process claim against defendant Sheriff Bobby Guidroz because there is no allegation that Guidroz engaged in conduct that was so arbitrary or outrageous as to shock the conscience and because the plaintiff was afforded a constitutionally adequate post-deprivation remedy including a trial on the merits with regard to the issues related to the subject writ of sequestration.  Accordingly, the undersigned recommends:  (1) that the defendants' motions to dismiss the plaintiff's lawsuit for failure to state a claim upon which relief can be granted by the court (Rec. Docs. 18 and 32) should be granted; (2) that the plaintiff's claims against defendant Joseph Nelson Guillory and Sheriff Bobby Guidroz should be dismissed with prejudice; and (3) that this Court should, on its own motion after notice to the plaintiff, dismiss the plaintiff's claims against defendant Nelson Grantt Guidry without prejudice in accordance with Fed. R. Civ. P. 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on January 31st, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE